SOUTHERN RAILWAY COMPANY *v.* NORTH STATE COTTON
COMPANY.

[64 South. 965.]

CARRIERS. *Bills of lading. Interstate commerce. Code 1906, section* 4851.

Since the adoption by Congress of the Carmack amendment the Interstate Commerce Act of February 4, 1887 (Act June 20, 1906, chapter 3591, section 7, 34 Stat. 393, U. S. Comp. St. Supp. 1911, page 1307), covering the subject of bills of lading for interstate shipments, section 4851 of Code 1906, making bills of lading conclusive in the hands of *bona fide* holders for value, against the person or corporation issuing them, that the property described therein was received by the carrier, has no application to interstate shipments of freight.

APPEAL from the circuit court of Alcorn county.
HON. J. H. MITCHELL, Judge.

Suit by North State Cotton Company against the Southern Railway Company. From a judgment for plaintiff, defendant appeals.

Plaintiff sued defendant for the value of certain cotton shipped over defendant's railroad from Corinth, Mis-

sissippi, to points in North Carolina, alleging that de-
fendant had .issued its bill of lading covering said cot-
ton; said bill of lading being in favor of one Latham, and
by Latham assigned to plaintiff. When said cotton was
delivered to Latham, there was a large shortage in
weights. However, it was admitted it was the identical
cotton received by and shipped over the line of appel-
lant's railway. It is alleged that said cotton was shipped
with bills of lading attached to sight draft, which draft
was paid, the basis of settlement being upon the weights
set out in the bill of lading, and that therefore the rail-
road company, having issued its bill of lading, was bound
by the weights sets out therein, under section 4851 of the
Code of 1906. The case was tried on an agreed state of
facts, a jury being waived, and the court gave a judg-
ment for plaintiff, and the defendant appeals.

W. J. Lamb, attorney for appellant.

Thos. H. Johnston, attorney for appellee.

Cook, J., delivered the opinion of the court.

The facts of this case are, in all essential particulars,
identical with the facts in St. Louis & S. F. R. Co. v.
Woodruff Mills, 62 So. 171. This case, as well as the
case cited, is controlled by the Carmack amendment to
the Interstate Commerce Act, and the decisions of the Su-
preme Court of the United States construing same. Sec-
tion 4851, Code 1906, does not apply to interstate ship-
ments, and the trial court erred in holding the contrary.

It follows that the judgment of the circuit court will
be reversed, and judgment will be entered here for ap-
pellant, defendant below.

*Reversed.*